UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,



08 CV ____

COMPLAINT



Plaintiffs,

-against-

HERITAGE GENERAL CONTRACTING, LLC,

Defendant.
------------------------------------------------------------------------X

Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

## NATURE OF THE CASE

1. This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Heritage General Contracting, LLC ("Employer").

## JURISDICTION

2. This Court has jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant is a foreign corporation incorporated under laws of the State of New Jersey with a principal place of business located at 220 Pierson

Avenue, Edison, NJ 08837.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant was bound at all relevant times by a project labor agreement with the Union, which, by its terms, became effective December 10, 2004. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated November 17, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of October 3, 2006 through November 17, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14. The arbitrator also found that defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15. The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs ordering defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period October 3, 2006 through November 17, 2007.

3. For entry of judgment in favor of the Benefit Funds and against Heritage General Contracting, LLC ordering defendant to pay the Benefit Funds a total sum of $2,350.00 with interest to accrue at the rate of 10% from the date of the award, pursuant to the arbitrator's award.

4. For attorneys' fees and costs of this action;

5. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
       January 15, 2008

_____
ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

ORIGINAL

**OFFICE OF THE IMPARTIAL ARBITRATOR**
------------------------------------------X
In The Matter Of The Arbitration

    between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council      **DEFAULT**
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,      **AWARD**
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund, by Michael J. Forde
and Paul O'Brien, as Trustees and The New York
City and Vicinity Carpenters Labor-Management
Corporation
    And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America
                                 (Petitioners)
   -and-

Heritage General Contracting LLC
                           (Employer)
------------------------------------------X
BEFORE:  Robert Herzog, Esq.


    Heritage General Contracting LLC (hereinafter referred to as the "Employer") and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America, (hereinafter referred to as the "Union", signed an agreement entitled "Project Agreement: Voluntary Recognition" covering work performed by the Employer at the Atlantic Mall in Brooklyn, New York.  The agreement,

1

executed on October 2, 2006, contains the following language:

**Voluntary Recognition:** The Employer voluntarily recognizes the Union as the exclusive bargaining agent for all of its employees covered under the attached collective bargaining agreement. ...

**Incorporation of Attached Collective Bargaining Agreement:** The Employer agrees to be bound to provisions contained in the attached collective bargaining agreement ("Agreement") and said provisions are incorporated into this Project Agreement by reference, including but not limited to, the Employer's Obligation to pay contributions to all Fringe Benefit Funds contained in the attached Agreement for the duration of this Project Agreement ...

**Declarations of Trust and Designation of Trustees:** The Employer further agrees to be bound to the applicable trust agreements ...."

The Funds identified in the caption above are such Trust Funds encompassed by the above cited language.

The incorporated by reference Trust documents and Collective Bargaining Agreements provide for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the work covered by the above-identified agreement, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Trust documents and incorporated by reference documents, have standing before the Arbitrator. In accordance therewith, the Petitioners, by an April 10, 2007 dated Notice of Intention to Arbitrate, demanded arbitration. The Petitioners allege the Employer failed to permit the Funds to conduct an audit of its books and records for the

2

period of October 3, 2006 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing dated October 17, 2007 advised the Employer and the Petitioners that the arbitration hearing was scheduled for November 13, 2007.

The Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that notices of certified mail were left with the Employer on October 20, 2007 at 10:29 am and again on October 22, 2007 at 1:27 pm. The Employer failed to heed the notice and the postal service declared the envelope to be unclaimed on November 6, 2007. The Employer is deemed to have received the Notice of Hearing based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On November 13, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective

3

Bargaining Agreement, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses. The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the October 3, 2006 to date period, the Employer was bound to Fringe Benefit Trust Funds documents.
- The Fringe Benefit Trust Funds documents obligated the Employer to make certain payments to the Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules.
- Fringe Benefit Trust Fund documents authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records. In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

### AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. Heritage General Contracting LLC is in violation of the October 2, 2006 executed Project Agreement: Voluntary Recognition Document to which it is a signatory, the Project Labor Agreement, and the Fringe Benefit Trust Fund documents;

2. Heritage General Contracting LLC is ordered to permit and facilitate the Funds conducting an audit of its certified payrolls or any other payroll records for work performed at the Atlantic Mall, Brooklyn, New York for the period of October 3, 2006 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. Heritage General Contracting LLC shall pay to the Funds forthwith the Petitioners' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

    | | |
    |---|---:|
    | Court Costs | $ 350.00 |
    | Attorney's Fee | 1,500.00 |
    | Arbitrator's Fee | 500.00 |
    | TOTAL | $2,350.00 |

4. Heritage General Contracting LLC shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

Dated: November 17, 2007

*Robert Herzog*
Robert Herzog
Arbitrator

5

State of New York )
County of Rockland )

    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

*Robert Herzog*
Robert Herzog
Arbitrator

Dated: November 17, 2007

To: Heritage General Contracting LLC
    Attn: Mr. David Price, President
    220 Pierson Avenue
    Edison, New Jersey 08837

    Steven Kasarda, Esq.
    New York City District Council Carpenters Benefit Funds
    395 Hudson Street
    New York, New York 10014